Filed 6/28/21  P. v. Warbrick CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>GARY WILLIAM WARBRICK, JR.,<br><br>　　Defendant and Appellant. | G059567<br><br>(Super. Ct. No. 18CF3340)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

A jury found defendant Gary William Warbrick, Jr., guilty of felony assault with a deadly weapon, a violation of Penal Code section 245, subdivision (a)(1).[1]  The trial court sentenced him to a middle term of three years.  But since defendant had 1,282 days of credit for time served, his prison term was found to be served and he was released from custody.  The court ordered him to report to the local parole office within 24 hours of his release.  It also ordered defendant to wear a GPS monitoring device "[i]f [he] is not supervised by Parole, and instead" granted postrelease community supervision (PRCS).

On appeal, defendant argues he was ineligible for PRCS given his sentence and was only eligible for parole.  Thus, to the extent the court's order required him to wear a GPS device as a parole condition, he contends it is improper since courts are not authorized to set the initial conditions of parole.  Rather, that is the responsibility of the Department of Corrections and Rehabilitation.  Defendant requests that we strike the portion of the court's order concerning GPS monitoring.  The Attorney General's office largely concurs.  It reiterates that the court ordered defendant to wear a GPS device if granted PRCS, not parole.  But to the extent the court sought to impose GPS tracking as an initial condition of parole, the Attorney General's office agrees this order was unlawful.

"'A defendant sentenced to state prison is subject to a mandatory period of supervision following release, either parole supervision by the state (§ 3000 et seq.), or postrelease community supervision by a county probation department (§ 3450 et seq.).'" (*People v. Johnson* (2020) 45 Cal.App.5th 379, 386.)  We agree with the parties that the court lacked power to order GPS monitoring as an initial condition of defendant's parole.  The Department of Corrections and Rehabilitation "unquestionably has the initial role of setting the conditions of parole when an inmate is released from prison on parole supervision . . . ."  (*Id*. at p. 400.)  But the trial court did not order GPS monitoring as a

[1]  All further statutory references are to the Penal Code.

condition of defendant's *parole*. Rather, it specifically ordered that defendant wear a GPS device if granted *PRCS* instead of parole. Defendant does not argue the court lacked the power to make this order, as his argument is expressly limited to parole. And we will not make the argument for him. (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985.)

Even if defendant had made this argument, it would be moot. Both parties agree that defendant was ineligible for PRCS given his conviction for assault with a deadly weapon. (§§ 1192.7, subd. (c)(1), 3000.08, subd. (a)(1).) Since defendant was ineligible for PRCS, the court's order that defendant submit to GPS monitoring if granted PRCS is ineffective. Moreover, neither party has claimed the order will have any effect on defendant.

For these reasons, we affirm the judgment.


MOORE, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

3